UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
J & L MANAGEMENT CORPORATION,                 :
                                              :     CASE NO. 1:09-CV-531
            Plaintiff,                        :
                                              :
vs.                                           :     OPINION & ORDER
                                              :     [Resolving Doc. No. 17]
NEW ERA BUILDERS, INC.,                       :
                                              :
            Defendant.                        :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff J&L Management Corporation ("J & L") moves this Court to remand this action to state court saying that removal was improper because this case does not involve a federal question. [Doc. 17, 18-1;] 28 U.S.C. 1441(b) (allowing removal for claims involving a federal question). Defendant New Era Builders, Inc. ("New Era") opposes remand saying that this action arises under federal law because the action involves a federal enclave (land the federal government acquires from the states and exercises exclusive legislative control over). [Doc. 19-1;] *see generally* U.S. CONST. art. I, § 8, cl. 17; 28 U.S.C. § 1441(b) (allowing removal in actions "arising under the Constitution . . . or laws of the united States").

In resolving this motion to remand, this Court must decide (1) whether New Era has proven that the land at issue, the National Space and Aeronautics ("NASA") Glenn Research Center, is actually a federal enclave, *see* 40 U.S.C. § 3112; O.R.C. § 159.04; and (2) if the land here is a federal

-1-

Case No. 1:09-cv-531
Gwin, J.

enclave, whether New Era has proven that this case arises under federal law.

Because New Era has not met its burden of showing that removal was proper and for the reasons state below, this Court **GRANTS** Plaintiff J & L's motion to remand.

### I. Motion for Remand Standard of Adjudication

Under 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). While the Plaintiff is technically the moving party in the motion to remand, the "party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Id.* (citations omitted).

A defendant bears this high burden because of concern for comity and fairness. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) ( "The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (citations and internal quotation omitted); *see also* 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3721 (noting the risk of "exposing a state-court plaintiff whose case has been removed to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked a proper basis for

Case No. 1:09-cv-531
Gwin, J.

removal jurisdiction requiring him to return to state court").

## II. Procedural History and Background Facts

On January 20, 2009, Plaintiff J & L sued Defendant New Era is state court for breach of contract, equitable adjustment, and breach of express and implied warranties. The dispute arises out of a construction project that was to take place at the National Space and Aeronautics Agency ("NASA") Glenn Research Center. [Doc. 1-2 at 2.] New Era and NASA had entered into a general contract for the demolition of several NASA-owned buildings at the Research Center and New Era, as a general contractor for the project, subcontracted the demolition work out to J & L. [Doc. 1-2 at 2.]

Various environmental and logistical problems caused delays on the project. [Doc. 1-2.] The parties had initially agreed that J & L would mobilize their equipment for the demolition in the second half of May 2008. [Doc. 1-2 at 2.] Because of delays allegedly caused by New Era, J & L did not begin its "staging of equipment" until June 23, 2008. J & L was "fully mobilized" by June 27, 2008. [Doc. 1-2 at 3.]

After the project had still not begun, on October 22, 2008, J & L submitted to New Era a "Notice of Claim for Costs of Delay and For Change Order." [Doc. 1-2 at 5.] The next month, in November 2008, New Era "directed [J & L] to abandon its delay claim or face replacement." [Doc. 1-2 at 5.] Then, in December 2008, New Era ordered J & L off the demolition site and terminated the contract. [Doc. 1-2 at 6.]

Relying on the above-described facts, J & L filed suit in state court. New Era removed saying that this Court had "original federal question jurisdiction over this action pursuant to the federal enclave doctrine." [Doc. 1-1 at 2.]

-3-

Case No. 1:09-cv-531
Gwin, J.

### III. Removal Jurisdiction and Federal Enclaves

Under 28 U.S.C. 1441(b), a district court has removal jurisdiction over "[a]ny civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b). "Federal[-]question jurisdiction can be established by showing 'either that [1] federal law creates the cause of action or that [2] the plaintiff[']s right to relief necessarily depends on the resolution of a substantial question of federal law.'" *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008) (quoting *Thornton v. Sw. Detroit Hosp.*, 895 F.2s 1131, 1133 (6th Cir. 1990)).  Whether this Court has removal jurisdiction depends on whether J & L's cause of action that ostensibly is based on state contract law actually arises under the Constitution or federal law.

In the Federal Enclave Clause, the United States Constitution states that,

> The Congress shall have power . . . To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

U.S. CONST. art. I § 8, cl. 17.

The Supreme Court has construed the power of exclusive legislation "to mean exclusive 'jurisdiction' in the sense of exclusive sovereignty." *Mater v. Holley*, 200 F.2d 123, 123 (5th Cir. 1952) (citing *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652 (1930)). When the federal government acquires land from a state, the state's laws existing at the time of transfer continue "until abrogated" and are assimilated as the law of the federal enclave. *James Stewart & Co. v. Sadrukula*, 309 U.S. 94, 100 (1940). This is so "that no area however small will be left without a developed

-4-

Case No. 1:09-cv-531
Gwin, J.

legal system for private rights." *Id.* "Rights arising under such assimilated law, arise under federal law and are properly the subject of federal jurisdiction." *Macomber v. Bose*, 401 F.2d 545, 546 (9th Cir. 1968).

J & L is suing New Era because New Era allegedly breached a contract that the parties were partly to perform at the Glenn Research Center. To resolve this motion for remand, this Court must first decide whether the Glenn Research Center is actually a federal enclave, and if so, whether a contract that was to be partly performed on a federal enclave actually arises under federal law for the purposes of 28 U.S.C. § 1441(b).

*III.A. Federal Enclaves*

Before the United States has exclusive jurisdiction over land of a state, (1) the United States must acquire the land "for any of the purposes mentioned in [the Federal Enclave Clause,] (2) the state legislature must "consent" to the jurisdiction of the federal government, *Paul v. United States*, 371 U.S. 245, 264 (1963), and (3) the federal government must accept the jurisdiction "by filing a notice of acceptance with the Governor of the State . . . ." 40 U.S.C. § 3112(b).

Here, the buildings that J & L was to demolish fall within the "other needful Buildings" provision of the Federal Enclave Clause. *See* U.S. CONST. Art. I § 8, cl. 17. Also, the State of Ohio has consented to the jurisdiction of the United States:

> The consent of the state is given, in accordance with clause 17, Section 8, Article I, United States Constitution, to the acquisition, after May 6, 1902, by the United States, by purchase, condemnation, lease, or otherwises [sic.], of any land in this state required for sites for custom houses, courthouses, correctional institutions, post-offices, arsenals, or other public buildings whatever, or for any other purposes of the government.

O.R.C. § 159.03. The parties, however, dispute whether the federal government accepted

Case No. 1:09-cv-531
Gwin, J.

jurisdiction and have submitted evidence to support their arguments.

New Era has submitted evidence to show that the federal government has accepted exclusive jurisdiction over the Glenn Research Center: the official deed covering the Glenn Research Center, and two letters from federal government officials to the Ohio governor. [Doc. 19, Exs. B, D, E.]

In 1940, the United States acquired the land for the National Advisory Committee for Aeronautics ("NACA"), which was the predecessor agency of NASA. The letters produced by New Era are copies that New Era obtained from NASA files. [Doc. 19-4, Ex. C.]

The first letter is dated from 1944 and was sent by the United States Secretary of War to the governor of Ohio. [Doc. 19-5, Ex. D.] In the letter, the Secretary of War say that "the United States accepts exclusive jurisdiction over all lands acquired by it for military purposes within the State of Ohio." [Doc. 19-1 at 4-5.] New Era says that NACA's mission was, in a large part, a military one. [Doc. 19-1 at 5.]

The second letter is dated from 1950 and was sent by the NACA Chairman to the governor of Ohio. [Doc. 19-6, Ex. E.] The letter reads: "In accordance with . . . 40 U.S.C. 255 [former 40 U.S.C. § 3112] jurisdiction over the lands described in the attached Exhibit A is hereby accepted by the [NACA] on behalf of the United States of America . . . ." [Doc. 19-6, Ex. E at 1.]

Based on this evidence, it appears that the Glenn Research Center is a federal enclave.

*III.B. Arising under Federal Law*

Although it appears that the Glenn Research Center is a federal enclave, New Era has failed to prove that J & L's breach of contract claim arises under federal law. Under 28 U.S.C. § 1441(b), a suit arises under federal law when the "cause[] of action [is] created by federal law, that is, where federal law provides a right to relief." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th

-6-

Case No. 1:09-cv-531
Gwin, J.

Cir. 2006) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). To determine whether a claim arises under federal law, courts "examine the well pleaded allegations of the complaint and ignore potential defenses." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citations and internal quotations omitted).

Here, J & L's claims for breach of contract, equitable adjustment, and breach of express and implied warranties are traditionally state-law claims. As the master of the Complaint, J & L was free to draft the Complaint focusing only on these state-law claims and it did not specifically refer to any federal law in the Complaint.

New Era, however, argues that, because state laws in effect when the federal government acquires state land are assimilated and become federal law for the enclave, these claims arise under federal law. New Era directs this Court to two other district court cases involving federal enclaves.

First, in *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031 (N.D. Cal. 2005), the court held that an unlawful detainer action based on a property located within a federal enclave did arise under federal law even though the action covered "lease rights between private parties." That case involved a dispute over real property located within a federal enclave and not a transitory action like for tort or breach of contract.

Second, in *Rivera de Leon v. Maxon Engineering Services, Inc.*, 283 F. Supp. 2d 550 (D.P.R. 2003), the court held that it had jurisdiction over tort and breach of contract claims based on a demolition and construction project at a United States Naval Station. *Rivera* is similar because it involved a breach of contract for services to be performed on a federal enclave. The plaintiff in *Rivera*, however, filed the action in federal court and therefore the concerns for fairness and comity that underlie the standards of adjudication in a motion for remand were not applicable.

-7-

Case No. 1:09-cv-531
Gwin, J.

Although the *Rivera* case is similar, this Court holds that New Era has not met its burden of establishing that removal jurisdiction is proper. New Era has not explained how this action arises out of federal law. The parties signed the contract outside the federal enclave. [Doc. 20 at 1.] The contract specifically invoked state law. [Doc. 1-3 at 1 ("All work shall be in strict accordance with all State, Local, and Municipal codes.").] And although J & L was to perform services (and actually did set up equipment) at the Glenn Research Center, the contract contemplates that some services were to be performed off the federal enclave. [Doc. 1-3 at 1 ("Recycle a minimum of 95% of all demolished materials by weight.").] J & L is an Ohio corporation. New Era is an Ohio corporation. [Doc. 1-2 at 1.]

Plaintiffs' Complaint states that part of the events giving rise to this action occurred on a federal enclave. But this allegation, standing alone, is not sufficient to support removal jurisdiction under 28 U.S.C. § 1441(b) for a breach of contract action. New Era has not explained why it should.

This Court finds choice of law analysis instructive. *Cf. Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 623 (6th Cir. 2008) (describing Ohio choice of law analysis). How does this action for breach of contract arise under federal law and not Ohio law when: (1) the parties to the contract are both Ohio corporations, (2) the parties signed the contract in Ohio, (3) the contract explicitly invokes Ohio law, and (4) the contract contemplated performance both on and off the federal enclave?

New Era never explains how this action arises under federal law. Concerns of comity and fairness to Plaintiff J & L demand that this Court remand the action to state court.

Case No. 1:09-cv-531
Gwin, J.

## IV. Conclusion

For the reasons stated above, this Court **GRANTS** Plaintiff J & L's motion to remand. [Doc. 17.]

IT IS SO ORDERED.

Dated: June 16, 2009                        s/          *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED   STATES   DISTRICT   JUDGE